UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEVON D. KIRKWOOD,

        Plaintiff,

v.                               **Case No. 14-cv-1180-pp**

SGT. SLAUSTEIN, *et al.*,

        Defendants.

---

## DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 2), SCREENING PLAINTIFF'S COMPLAINT (ECF NO. 1), AND DENYING PLAINTIFF'S REQUEST TO APPOINT COUNSEL (ECF NO. 10)

---

Devon D. Kirkwood, an inmate at Green Bay Correctional Institution (GBCI), filed a *pro se* complaint under 42 U.S.C. §1983. The case comes before the court on plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2), his request to appoint counsel (ECF No. 10), and for screening of his complaint (ECF No. 1).

<u>Motion for Leave to Proceed *In Forma Pauperis*</u>

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without pre-paying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On November 6, 2014, the court assessed an initial partial filing fee of $9.67. The plaintiff paid that fee on December 1, 2014. Accordingly, the court grants plaintiff's motion to proceed *in forma pauperis*.

1

Screening of the Plaintiff's Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**Applicable Law**

The court must dismiss part or all of a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41,

2

47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in *Twombly*. First, the court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. *Id.* Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendant(s): 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give a

3

Case 2:14-cv-01180-PP   Filed 06/05/15   Page 3 of 10   Document 13

plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### *Facts Alleged in the Complaint*

According to the complaint, on June 7, 2014, GBCI staff placed plaintiff in observation, at his request, because he was having suicidal thoughts. The plaintiff alleges that GBCI staff then placed him in wrist and ankle restraints and transferred him to the "strip cage," where they instructed him to remove his clothes and put on a blue smock. (ECF No. 1, p. 3.) The plaintiff got completely nude, and was subjected to a strip search before being given the smock. The plaintiff noticed that "the smock reeked of pepper spray," and alerted defendant Bebo. (*Id.*, pp. 3-4.) Bebo replied, "You get what we give you." (*Id.*, p. 4.) Staff then replaced the ankle and wrist restraints, and put the plaintiff in a "hard cell"—no mirrors, no desk, and a see-through, Plexiglass door. (*Id.*, p. 4)

Two days later, plaintiff asked defendant Hansen for a clean smock and blanket. Defendant Hansen replied that there were none available. The plaintiff received similar responses on June 12, June 16, and June 19. He alleges that the smock became "filthy," and that the sweat and stem from the shower made it "smoggy," and "moldy." He alleged that the smell was so bad that that it made him vomit, lose his appetite, and gave him headaches. (*Id.*, p. 5.) In addition, plaintiff alleges that his skin and private parts began to burn and break out in a rash. (*Id.*)

4

The plaintiff also claims that the observation cell that defendants Slaustein and Bebo placed him in was not clean. Specifically, plaintiff alleges the cell reeked of pepper spray, had food crumbs, hair, and a sticky substance that appeared to him to be semen on the floor, and was infested with fruit files. The plaintiff says that when he told defendant Bebo of the dirt, the defendant replied, "You shouldn't have come on obs [observation]." (*Id.*) The plaintiff states he was in this room, barefoot, for thirteen days, that the floor was so cold that his feet went numb, and that Defendant Hansen denied his repeated requests for cleaning supplies. In fact, he states that Hansen told him that he could clean his cell "when you come off obs." (*Id.*) He alleges that defendant Slaustine was aware of this situation—the condition of the room—but did nothing. (*Id.*) Later in the complaint, he argues that Slaustine "chose to ignore my request to be placed in a clean cell." (*Id.*, p. 8)

Finally, the plaintiff asserts that defendants Potts and Bebo denied him basic hygiene supplies such as toilet paper, a toothbrush, toothpaste, and soap. The plaintiff alleges that when he requested these items, defendant Potts replied that he would get the toilet paper when Potts felt like it, called plaintiff a "faker," and told plaintiff "come off obs and you can get a real toothbrush and a whole tub of toothpaste." (*Id.*, p. 5.) Defendant Bebo also informed plaintiff that he "wouldn't have to worry about this if [he] weren't on OBS." (*Id.*, p. 5.) The plaintiff states that on three occasions he had to defecate without being able to wipe until much later in the day, and that he was unable to brush his teeth for days. The plaintiff alleges that as a result of his poor hygiene and the resulting

body odor, he started to vomit, lose his appetite, and experience excruciating headaches.

## *Analysis*

"Jail officials violate the Eighth Amendment if they are deliberately indifferent to adverse conditions that deny 'the minimal civilized measure of life's necessities,' including adequate sanitation and personal hygiene items." *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (quoting *Farmer v. Brennan* 511 U.S. 825, 834 (1994); citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Gillis v. Litscher,* 468 F.3d 488, 493 (7th Cir.2006); *Vinning–El v. Long,* 482 F.3d 923, 924 (7th Cir.2007)).

The court concludes that the plaintiff has alleged sufficient facts to proceed on a claim that defendants Potts, Hansen, Bebo and Slaustine were deliberately indifferent to his adverse sanitation and hygiene conditions in violation of the Eighth Amendment. The court will allow him to proceed with his claims against those defendants.

With regard to defendant the State of Wisconsin, however, the plaintiff has not alleged any facts supporting violations of the Constitution. In fact, the complaint does not mention the State of Wisconsin anywhere except in the caption. Accordingly, the court will not allow the plaintiff to proceed against the state, and dismissed the State of Wisconsin as a defendant.

<u>Request for Appointment of Counsel</u>

On February 26, 2015, plaintiff filed a letter asking the court to appoint counsel to represent him. (ECF No. 10.) Plaintiff states that he has been

6

"writing lawyers to take his case but [he has] only received a couple of refusal letters[;] the rest have not written back . . . ." (*Id.*)

In a civil case, the court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). First, the person has to make a reasonable effort to hire private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). After a plaintiff makes that reasonable attempt to hire counsel, the court then must decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). To decide that, the court looks, not only at a plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.*

Plaintiff states he has been "writing lawyers to take his case," but plaintiff does not provide information to support these statements (such as the names of the attorneys, the dates he sent the letters, or who wrote back refusing to represent him). The plaintiff will need to provide the names of at least three attorneys he has tried to contact before the court can conclude that he has made a "reasonable attempt" to hire counsel on his own.

The court also notes that, at this stage, even had the plaintiff proven that he'd contacted at least three attorneys, the court would not appoint counsel for him. The plaintiff's claims are not complex, and he has done a good job of

7

explaining the facts and his legal theories for why those facts demonstrate constitutional violations. The plaintiff's complaint is articulate, detailed, and organized, and it is sufficient—at this point in the case—to allow the court and the defendants to understand his claims. The court will deny the plaintiff's request for appointment of counsel without prejudice; he may renew it at a later date if he provides proof that he has contacted attorneys, and if he demonstrates that the case has become too complex for him to handle himself.

Conclusion

The court **GRANTS** plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2).

The court **DENIES WITHOUT PREJUDICE** plaintiff's request for the appointment of counsel (ECF No. 10).

The court **DISMISSES** defendant the State of Wisconsin.

The court **ORDERS** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, the court will send electronic copies of plaintiff's complaint and this order to the Wisconsin Department of Justice for service on defendants Potts, Hansen, Slaustein and Bebo.

The court **ORDERS** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendants Potts, Hansen, Slaustein and Bebo shall file a responsive pleading to the complaint within **sixty (60) days** of receiving electronic notice of this order.

The court **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $340.33 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The Secretary of the Wisconsin Department of Corrections or his designee shall clearly identify the payments by the case name and number assigned to this action.

The court **ORDERS** that, pursuant to the Prisoner E-Filing Program, plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if at any point the plaintiff is no longer incarcerated at one of those institutions, he should submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

The court further advises plaintiff that if he does not timely file documents, the court may dismiss his case for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

The court will send copies of this order to the warden of the institution where the inmate is confined.

Dated at Milwaukee this 5th day of June, 2015.

**BY THE COURT:**

_____
HON. PAMELA PEPPER
**United States District Court Judge**